IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
GREGORY HAYLES,                                  :
                                                 :
                Plaintiff,                       :
                                                 :
        vs.                                      :
                                                 :
ASPEN PROPERTIES GROUP, LLC;                     :
and WALDMAN, SAGGINARIO &                        :
ASSOCIATES, PLLC,                                :
                                                 :
                Defendants.                      :
------------------------------------------------------------------ x

# COMPLAINT -- CLASS ACTION

## INTRODUCTION

1.      Plaintiff Gregory Hayles brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Aspen Properties Group, LLC ("Aspen") and Waldman, Sagginario & Associates, PLLC ("Waldman").

2.      Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

3.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C.A. § 1692(a).

5.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt

collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

6.  The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

7.  Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

8.  This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

9.  Venue and personal jurisdiction in this District are proper because each defendant is located within or does business in this District.

## PARTIES

10. Plaintiff Gregory Hayles is an individual who owns a residence in Bronx, New York.

11. Defendant Aspen is a limited liability company chartered under Maryland law with its principal office at 2700 A Philadelphia Road, Edgewood, MD 21040.  Its registered agent and office is CSC-lawyers Incorporating Service Co., Ste 820, 7 St. Paul Street, Baltimore, MD 21202.

12. Aspen is engaged in the business of attempting to collect defaulted consumer debts owned by others. On information and belief, Aspen's principal business is the collection of defaulted consumer debts.

13. Aspen uses the mails and telephone system for that purpose.

14. Aspen is a debt collector as defined in the FDCPA.

15. Aspen claims to be the managing member of Aspen G, LLC ("Aspen G").  Aspen G holds title to debts.

16. Defendant Waldman is a professional service limited liability company organized under New York law with offices at 130 7th Avenue, Suite 244, New York, New York 10011.

17. Defendant Waldman regularly uses the mails and telephones to collect debts incurred for personal, family or household purposes (housing) and owed to others.

18. Defendant Waldman is therefore a debt collector as defined in the FDCPA.

## FACTS

19. On or about June 13, 2016, Aspen G, represented by Waldman, filed a lawsuit against plaintiff seeking foreclosure of a mortgage on plaintiff's home in the Bronx and a deficiency judgment.

20. On information and belief, Aspen directed the filing of the lawsuit.

21. A copy of the summons, complaint and accompanying documents, totaling 71 pages, is attached as Appendix A.

22. The note is pages 15-21 of Appendix A.

23. The note provides (paragraph 6) for a late charge "If all or any portion of any monthly payment is not received within 10 days after it is due and we do not accelerate the entire balance owing under this Note . . . . This late charge will be $16.00."

24. Pages 61-71 of Appendix A comprise a "Notice of Default/ Acceleration and Intent to Foreclose" dated November 23, 2015 and sent by Waldman to Plaintiff ("Notice of Default"). It states that the loan would be accelerated if not reinstated by December 28, 2015.

25. On information and belief, based on its contents, the November 23, 2015 Notice of Default was the first correspondence which Waldman sent plaintiff regarding the debt.

26. The Notice of Default letter states that there had been $800 in accrued late charges (Page 63 of Appendix A).

27. The Notice of Default is a form document, prepared and filled out in a standardized manner.

28. The loan that was the subject of the lawsuit had been obtained for personal,

family or household purposes (housing).

29. The loan that was the subject of the lawsuit was not reinstated by December 28, 2015 and was accelerated, followed by the filing of suit on June 13, 2016.

30. On or about June 22, 2016, Aspen sent plaintiff the letter attached as Appendix B, offering a loan modification and seeking payment of money regarding the debt.

31. Appendix B was the first letter plaintiff received from Aspen.

32. On information and belief, Appendix B was the first letter which Aspen sent to plaintiff concerning the loan.

33. Appendix B is a form letter, regularly used by Aspen.

34. Appendix B does not contain a "notice of debt" required by 15 U.S.C. §1692g.

35. Appendix B states that the total amount due is $72,830.96 as of July 1, 2016.

36. July 1, 2016 is subsequent to the acceleration of the loan and the filing of a foreclosure suit.

37. On information and belief, based on the contents of Appendix C, described below, the $72,830.96 stated in Appendix B as the total amount due is wrong.

38. On August 1, 2016, Waldman issued a payoff statement as of Sept. 29, 2016. A copy is attached as Appendix C.

39. Appendix C states that $110,590.30 is owed.

40. Appendix C states that this sum includes late fees in the amount of $1,324.32.

41. The loan did not increase by over $37,000 between July 1, 2016 and either August 1, 2016 or Sept. 29, 2016.

42. The difference between the late fees in the November 23, 2015 Notice of Default and the late fees in Appendix C is $524.32.

43. The sum of $524.32 is not a multiple of $16, the amount of one late charge under the note.

44. The sum of $524.32 represents 32.77 x $16.

45. It is not possible that 32 or 33 late charges were incurred between November 23, 2015 and Sept. 29, 2016, because:

    i. There are only 10 months in such period; and

    ii. The loan was accelerated prior to the filing of the foreclosure complaint on June 13, 2016, and late charges may not be assessed after acceleration under both the terms of the note and New York law.

46. It necessarily follows that either the amount of the late charges stated in the November 23, 2015 Notice of Default is wrong, or the amount owed stated in Appendix C is wrong, or both. The amount of the debt is also wrong.

47. As a result of defendants' actions, plaintiff was deprived of information required to be provided by law, and furnished inaccurate, inconsistent and confusing information when the law requires the provision of accurate, consistent and understandable information.

## COUNT I – FDCPA – WALDMAN

48. Plaintiff incorporates paragraphs 1-47.

49. Waldman inaccurately calculated the amount of late charges and the amount of the debt in (a) the November 23, 2015 Notice of Default, (b) Appendix C, or (c) both.

50. Waldman thereby violated 15 U.S.C. §§1692g, 1692e, 1692e(2), 1692e(10), 1692f and 1692f(1).

51. Section 1692g provides:

**§ 1692g.  Validation of debts**

**(a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–**

    **(1) the amount of the debt;**

    **(2) the name of the creditor to whom the debt is owed;**

    **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion**

>    thereof, the debt will be assumed to be valid by the debt collector;
>
>    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
>    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
>
> **(b) Disputed debts.** If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.
>
> **(c) Admission of liability.** The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.
>
> **(d) Legal pleadings.** A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).
>
> **(e) Notice provisions.** The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

52.   Section 1692e provides:

  **§ 1692e. False or misleading representations**

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> **(2) The false representation of--**
>
> > **(A) the character, amount, or legal status of any debt; or**
> >
> > **(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. . . .**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

53. Section 1692f provides:

**§ 1692f. Unfair practices**

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> **(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . .**

## CLASS ALLEGATIONS

54. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class.

55. The class consists of all natural persons from whom Waldman claimed late charges that are not a multiple of the dollar amount of late charges specified in a note or contract and/or cannot be accounted for by claimed late payments prior to acceleration, which late charges were claimed in any document sent during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

56. On information and belief, there are more than 40 members of the class, and the class is so numerous that joinder of all members is impracticable.

57. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members.

The predominant common question is whether the late charges claimed by Waldman violate the FDCPA.

58. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

59. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

60. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Congress contemplated class actions as a principal means of enforcing the FDCPA.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

    a. Actual damages (all excess amounts collected from class members);

    b. Statutory damages;

    c. Attorney's fees, litigation expenses and costs of suit;

    d. Such other or further relief as the Court deems proper.

### COUNT II – FDCPA – ASPEN

61. Plaintiff incorporates paragraphs 1-47.

62. <u>Appendix B</u> fails to comply with 15 U.S.C. §1692g, both by omitting the required "notice of debt," and by misstating the amount of the debt.

63. Section 1692g provides:

> **§ 1692g.  Validation of debts**
>
> **(a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**
>
> > **(1) the amount of the debt;**
> >
> > **(2) the name of the creditor to whom the debt is owed;**

  **(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

  **(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

  **(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**(b) Disputed debts.** If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

**(c) Admission of liability.** The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

**(d) Legal pleadings.** A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

**(e) Notice provisions.** The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

## CLASS ALLEGATIONS

64. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class.

65. The class consists of all natural persons who were sent a document prepared using the same form as Appendix B, during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

66. On information and belief, there are more than 40 members of the class, and the class is so numerous that joinder of all members is impracticable.

67. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Appendix B violates the FDCPA.

68. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

69. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

70. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Congress contemplated class actions as a principal means of enforcing the FDCPA.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

    a.    Statutory damages;

    b.    Attorney's fees, litigation expenses and costs of suit;

    c.    Such other or further relief as the Court deems proper.

s/Tiffany N. Hardy
Tiffany N. Hardy

Abraham Kleinman
KLEINMAN, LLC
626 RXR Plaza
Uniondale, New York  11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

## JURY DEMAND

Plaintiff demands trial by jury.

s/Tiffany N. Hardy
Tiffany N. Hardy

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

                                        s/Tiffany N. Hardy
                                        Tiffany N. Hardy