IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
Gregory Hayles,                                         :   Case: 16-cv-08919-JFK
                                                        :
        Plaintiff,                                    :
                                                        :   MEMORANDUM IN SUPPORT OF
vs.                                                     :   DEFENDANTS' MOTION TO DISMISS
                                                        :
Aspen Properties Group, LLC; and Waldman,               :
Sagginario & Associates, PLLC,                          :
                                                        :
        Defendants,                                   :
------------------------------------------------------- x

## PRELIMINARY STATEMENT

This case arises from communications prior to and during a foreclosure action filed by defendant Waldman, Sagginario & Associates, PLLC ("Waldman") on behalf of Aspen G, LLC, which is owned in part by defendant Aspen Properties Group, LLC (collectively, "Aspen") in the Bronx County Supreme Court under index number 32526/2016E. Plaintiff alleges that the various communications from the defendants, including a Notice of Default and Intent for Foreclose ("NOI"), an Offer of Settlement ("Offer"), and a Payoff Statement ("Payoff") contain and constitute violations of the Fair Debt Collection Practices Act ("FDCPA").

Aspen submits this Memorandum of Law in support of it Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted and Fed. R. Civ. P. 12(b)(1) for lack for subject matter jurisdiction.

The questions presented to the Court are whether Plaintiff's Complaint presented sufficient facts to establish (1) that the NOI and/or the Offer failed to provide the validation notices required by the FDCPA under §1692 and (2) that this Court has subject matter jurisdiction to hear the case. Aspen moves to dismiss Plaintiff's Complaint in its entirety, with prejudice under Fed. R. Civ. P. 12(b)(6) because the NOI is the first communication from the defendants and contains all notices

required by the FDCPA under §1692(g) and Plaintiff has failed to state sufficient facts to support his allegations of a violation of §1692(e-f). Additionally, the counts alleging violations of §1692(e-f) are not yet ripe for litigation because no money has been collected from Defendant since July 1, 2011. Aspen further moves to dismiss Plaintiff's Complaint in its entirety because this Court lacks subject matter jurisdiction over the remaining allegations because a miscalculation of late charges does not raise a federal question, and amount in controversy of those allegations is less than $75,000.00.

## BACKGROUND

On or about February 28, 2006, Plaintiff, Gregory Hayles, ("Plaintiff") executed a Promissory Note in the amount of $114,400.00 in favor of First Franklin, a Division of Nat. City Bank of IN. To secure payment of the Note, on the same day, Plaintiff executed and delivered a Mortgage encumbering his property commonly known as 2746 Wallace Avenue, Bronx, NY 10467. The Mortgage was properly recorded in the Office of the City Register under CRFN 2006000142190. Aspen is the current owner and holder of the Note and Mortgage pursuant to an Assignment of Mortgage and Allonge to the Note. The Assignment of Mortgage was properly recorded in the Office of the City Register as CRFN 2015000051158. The Note with Allonges, Mortgage with Riders, and Assignments of Mortgage ("Loan Documents") are attached to Plaintiff's Complaint as composite "Appendix A."

Plaintiff defaulted on the terms of the Loan Documents by failing to make the installment payment due on August 1, 2011, and all payments thereafter.

Therefore, under the terms of the Loan Documents, Aspen, though its Attorney in fact, Waldman, accelerated all sums due thereunder by sending the NOI on or about November 23, 2015. See, Compl. App. A. The NOI was the first communication sent to the Plaintiff in the

attempt to collect the now accelerated debt and is attached hereto and incorporated herein as "Exhibit A." Plaintiff did not respond to the NOI.

Accordingly, pursuant to the terms of the Loan Documents, Aspen, through Waldman, commenced a foreclosure action on June 13, 2016, after complying with all statutory conditions precedent, in the Supreme Court of Bronx County, New York, under index number 32526/2016E (the "Foreclosure"). During the mandatory Foreclosure Settlement Conferences set by the Court, Aspen, either on its own letterhead or through its attorney, Waldman, sent the Offer (see, Compl. App. B) and the Payoff (see, Compl. App. C). The Offer, attached hereto and incorporated herein as "Exhibit B," was dated June 22, 2016, and detailed a reduced amount due, breaking the amount down to its components in chart form. The Payoff, attached hereto and incorporated herein as "Exhibit C," was required under the Rules of the Foreclosure Settlement Part of the Bronx County Supreme Court and was dated August 1, 2016. The Payoff detailed in chart form the total amount due under the Loan Documents as of September 29, 2016.

Plaintiff has not responded to the Offer, nor has he made any payments due under the Loan Documents. The Foreclosure remains with the Foreclosure Settlement Part and is currently scheduled for a continued conference on January 12, 2016.

## ARGUMENT

### I. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Federal Rule of Civil Procedure 12(b)(6) provides that this Court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In ruling on a Rule (12(b)(6) motion, the Court must accept the allegations in the Complaint as true and draw all reasonable inferences in favor of the Plaintiff. Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998). The Court may use all aspects of the Plaintiff's Complaint, including exhibits in determining whether

a claim has been stated. Dangler v. New York City Off Track Betting Corp., 193 F. 3d 130, 138 (2d Cir. 1999). However, the Court is not required to give credence to conclusory statements or allegations unsupported by facts. Papasan v. Allain, 478 U.S. 265, 286 (1986). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege sufficient facts to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); DeHart v. US Bank, N.A., 811 F. Supp. 2d 1038, 1044 (D.N.J. 2011) ("a complaint must allege, in more than legal boilerplate, those facts about the conduct of each defendant giving rise to liability").

Plaintiff has pled alleged various violations of the FDCPA against both Waldman and Aspen. The alleged violations fall under two separate sets of facts. As such, each portion shall be addressed separately.

### A. Plaintiff has failed to state a claim regarding § 1692(g).

Plaintiff alleged that Aspen violated §1692(g) of the FDCPA when it sent the Offer. See, Compl. ¶ 61. Section 1692(g)(a) of FDCPA mandates certain disclosures by a debt collector within five days of the initial communication, unless the information is contained in the initial communication, specifically,

> **"(1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."**

See also, 15 U.S.C. 1692(g)(e), stating that any notice sent to the borrower that does not relate to the collection of a debt and not required by the Internal Revenue Service shall not be considered an initial communication.

Plaintiff alleges the Offer was the first communication sent by Aspen. However, it is a basic tenant of agency law, not to mention of the attorney-client relationship, that actions taken by the agent (Waldman) at the request of and on behalf of the principal (Aspen), constitute an action by the principal. See, Restat 2d of Agency, §1 (2d 2010) (Comment e of subsection (3) specifically lists an attorney-at-law as an agent of his client). This concept is known as actual authority. Restat 2d of Agency §7 (2d 2010).

The NOI was sent over a year prior to the Offer by Waldman at the request of and on behalf of Aspen, as its agent and attorney in fact. Therefore, the Offer was not an initial communication as contemplated under the FDCPA and is not required to contain the verification language mandated by §1692(g).

Giving Plaintiff the benefit of the doubt, we turn the contents of the NOI, which was the initial communication with Plaintiff as contemplated by the FDCPA. The language required by §1692(g)(a)(1) is found on page 2 of the NOI in chart form, breaking down the debt by category. For the Court's convenience, the language is quoted in original format below.

The total amount to cure the default:

| Installment Payments | $53,395.00 |
|---|---|
| Unpaid Loan Charges | $12.21 |
| Accrued Late Charges | $800.00 |
| Attorney's Fees and Costs | $358.71 |
| | |
| **TOTAL TO REINSTATE** | **$54,565.92** |

The language required by §1692(g)(a)(2) is found in the first paragraph of the letter under the title. It is quoted in original format as:

Waldman, Sagginario & Associates, PLLC represents Aspen G, LLC, the owner and holder of the mortgage and note on the above-referenced property. FCI Lender Services, Inc. is the servicer of the mortgage and note on the above-referenced property. The originator of the subject loan was Mortgage Electronic Registration Systems, Inc. as nominee for First Franklin, a Division of Nat. City Bank of IN; the loan is now owned by Aspen G, LLC.

The language required by §1692(g)(a)(3-5) is found at the bottom of page 3 of the NOI, and is nearly an exact quote of the statutory language. The language is quoted below in original format.

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR**
UNLESS YOU NOTIFY THIS OFFICE WITHIN THIRTY DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN THIRTY DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT AND MAIL YOU A COPY OF SUCH VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN THIRTY DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR. "THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE."

Therefore, as the language required by §1692(g) is clearly stated on the NOI, and case law clearly holds that a letter by the attorney of a debt collector at the request of and on the behalf of a Lender is deemed the first communication from both parties, Plaintiff's allegation that Waldman and Aspen violated section 1692(g) fails on its face and should be dismissed with prejudice.

### B. Plaintiff has failed to state a claim regarding §§1692(e-f).

Plaintiff relies on allegedly inconsistent late charges between the several notices sent by Waldman and Aspen during the pendency of the foreclosure litigation to support his claim of alleged violations of §1692(e) and §1692(f) of the FDCPA. See, Compl. ¶30-47. Section 1692(e)

of the FDCPA prohibits the use of "false, deceptive, or misleading representations" in the collection of a debt, including, but not limited to "the character, amount, or legal status" of a debt. Section 1692(f) is more general in nature, prohibiting "unfair or unconscionable means" in collecting the debt, including collecting any amount not authorized by the agreement creating the debt.

Aspen does not dispute that amounts on the notices are different from each other. However, each notice was sent at a different time and for a different purpose than the one prior. Specifically, the NOI, attached hereto as "Exhibit A", sent on November 23, 2015, was required by the terms of Mortgage, and prior to the initiation of litigation. The breakdown of the charges is clearly delineated, and as Plaintiff did not request verification or clarification pursuant to FDCPA §1692(g)(3-5), Aspen presumed the debt to be valid, and the amount accurate at that time.

Over a year later, on or about June 22, 2016, Aspen sent the Offer, "Exhibit B," in which Aspen offered to settle the Foreclosure for a reduced amount due, detailed in chart form. Shortly thereafter, on or about August 1, 2016, Waldman sent the Payoff to Plaintiff, pursuant to the requirements of the foreclosure settlement conference, detailing the total amount due as of the date of the following conference, "Exhibit C." The amounts on Offer and Payoff differ significantly; however, an offer of settlement, by implication, will contain a **reduced** amount to pay to either cure a default or pay off a loan. By contract, the Payoff shows what is **actually due**, including attorneys' fees and costs, which are collectable pursuant to the Mortgage. As Plaintiff has not accepted, or even countered, the Offer, the reduction in amounts due has not been made, and the Payoff reflects this fact.

Plaintiff's facts fail to allege what is unconscionable or unfair about an alleged mistake is the calculation amounts due, especially given that he has the opportunity under the FDCPA to request

a full accounting, and thereby eliminate any errors that may have occurred. Further, as Plaintiff used communications which are clearly used for vastly different purposes (an offer of settlement with a reduced amount due and a payoff with the actual amount due), the only reasonable conclusion the Court can make is that Plaintiff has not even alleged a mistake in calculation of the total amounts due, let alone the use of "false or deceptive" information or "unconscionable means" to collect debts. If there is a mistake in the calculation of late fees, which Aspen denies, Plaintiff had, and continues to have, the opportunity to dispute that amount, and have it corrected, in the Foreclosure. In fact, the first notice either Waldman or Aspen received that Plaintiff was disputing the calculation of late charges, or the debt in general, was the filing of this lawsuit. A simple arithmetic error certainly does not rise to the level of a violation of the FDCPA. Therefore, this count should be dismissed with prejudice.

## II. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

Rule 12(b)(1) of the Federal Rules of Civil Procedure allow this Court to dismiss a Complaint for lack of subject matter jurisdiction. Federal Courts are granted subject matter jurisdiction over cases that arise under a federal law, 28 U.S.C. §1331, under diversity of citizenship if the amount in controversy exceeds $75,000.00, 28 U.S.C. §1332, and if a particular statute grants the Court jurisdiction. In addition, if the Court has subject matter jurisdiction over at least one claim, under Fed. R. Civ. P. 18, a party may join as many other claims as he has against the Defendants, regardless of having independent jurisdiction.

Plaintiff has alleged jurisdiction under §1331, under the FDCPA, 15 U.S.C. §1692(k), and under 28 U.S.C. §1337, or Commerce and Antitrust Regulations. However, Plaintiff's allegations with regard to violations of the FDCPA fail on the face of the complaint, as detailed at length above, and are partially unripe for litigation. Since Plaintiff has not allege, a cause of action under

the FDCPA, or any facts at all relating the 28 U.S.C. §1337, the Court does not have Federal Question Jurisdiction and any remaining allegations (such as late charges or other clerical errors) must have independent jurisdiction under 28 U.S.C. §1332. As the total amount of difference alleged is $37,562.00, the allegations do not meet the amount in controversy requirement of diversity jurisdiction, and are therefore are most properly heard and ruled upon in the Bronx County Supreme Court foreclosure action. Therefore, this Court lacks subject matter jurisdiction to hear the allegations of miscalculated late charges, and the Complaint should be dismissed in its entirety.

## CONCLUSION

This Court should dismiss Plaintiff's Complaint against Defendants with prejudice. The NOI, which was the initial communication under the FDCPA, contained all the language and notifications required under the FDCPA. The Offer was not the initial communication under the FDCPA and is therefore not required to contain the same language. The amounts due in the Offer and the Payoff differ, but are not inconsistent with each other, and therefore do not violate the FDCPA. Any error in calculation of late charges or amounts due does not rise to the level of false, misleading, or unconscionable debt collection practices. Even if the Court deems the alleged miscalculation ripe for litigation, the Court lacks subject matter jurisdiction over the matter as there is no Federal Question and the amount in controversy is less than $75,000.00.

**Respectfully Submitted,**

/s/ *George Vergos*
George Vergos, Esq.
George Vergos, Attorney at Law
12121 Little Road, #259
Hudson, FL 34667
Telephone: (727) 777-7535
Email: GVergosLaw@gmail.com
kelly@dwaldmanlaw.com
Attorney for Defendant