IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------- x
   Gregory Hayles,                                  :   Case: 16-cv-08919-JFK

       Plaintiff,

vs.

Aspen Properties Group, LLC; and Waldman,
Sagginario & Associates, PLLC,

       Defendants,
---------------------------------------------------- x

## MEMORANDUM IN SUPPORT OF DEFENDANT, WALDMAN, SAGGINARIO & ASSOCIATES, PLLC'S MOTION TO DISMISS

George Vergos, Esq.
George Vergos, Attorney at Law
12121 Little Road, #259
Hudson, FL 34667
Telephone: (727) 777-7535
Email: GVergosLaw@gmail.com
kelly@dwaldmanlaw.com

## TABLE OF CONTENTS

I. PRELIMINARY STATEMENT .................................................................... 1

II. BACKGROUND ........................................................................................... 2

III. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ................................... 3

IV. PLAINTIFF HAS FAILED TO STATE A CLAIM REGARDING §1692(G) ........... 3

V. PLAINTIFF HAS FAILED TO STATE A CLAIM REGARDING §§1692(E-F) ....... 6

VI. THE REMAINDER OF PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION ........................................... 9

VII. CONCLUSION ............................................................................................ 10

## PRELIMINARY STATEMENT

This case arises from communications prior to and during a foreclosure action filed by defendant Waldman, Sagginario & Associates, PLLC ("Waldman") on behalf of Aspen G, LLC, whose managing member is Aspen Properties Group, LLC, (collectively, "Aspen") in the Bronx County Supreme Court under index number 32526/2016E. Plaintiff alleges that the various communications from the defendants, including a Notice of Default and Intent for Foreclose ("NOI"), an Offer of Settlement ("Offer"), and a Payoff Statement ("Payoff") contain and constitute violations of the Fair Debt Collection Practices Act ("FDCPA").

Waldman submits this Memorandum of Law in support of its Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted and Fed. R. Civ. P. 12(b)(1) for lack for subject matter jurisdiction.

The questions presented to the Court are whether Plaintiff's Complaint presented sufficient facts to establish (1) that the NOI to provide the validation notices required by the FDCPA under §1692 and (2) that this Court has subject matter jurisdiction to hear the case. Waldman moves to dismiss Plaintiff's Complaint with prejudice under Fed. R. Civ. P. 12(b)(6) because the NOI contains all notices required by the FDCPA under §1692(g) and Plaintiff has failed to state sufficient facts to support his allegations of a violation of §1692(e-f). Waldman further moves to dismiss Plaintiff's Complaint in its entirety because this Court lacks subject matter jurisdiction over the remaining allegations under the rules of joinder because a miscalculation of late charges does not raise a federal question, and amount in controversy of those allegations is less than $75,000.00.

## BACKGROUND

On or about February 28, 2006, Plaintiff, Gregory Hayles, ("Plaintiff") executed a Promissory Note in the amount of $114,400.00 in favor of First Franklin, a Division of Nat. City Bank of IN. To secure payment of the Note, on the same day, Plaintiff executed and delivered a Mortgage encumbering his property commonly known as 2746 Wallace Avenue, Bronx, NY 10467. The Mortgage was properly recorded in the Office of the City Register under CRFN 2006000142190. Aspen G, LLC is the current owner and holder of the Note and Mortgage pursuant to an Assignment of Mortgage and Allonge to the Note. The Assignment of Mortgage was properly recorded in the Office of the City Register as CRFN 2015000051158. The Note with Allonges, Mortgage with Riders, and Assignments of Mortgage ("Loan Documents") are attached to Plaintiff's Complaint as composite "Appendix A."

Plaintiff defaulted on the terms of the Loan Documents by failing to make the installment payment due on August 1, 2011, and all payments thereafter.

Therefore, under the terms of the Loan Documents, the debt was accelerated by sending the NOI on or about November 23, 2015. See, Compl. App. A. The NOI was the first communication sent to the Plaintiff in the attempt to collect the now accelerated debt and is attached hereto and incorporated herein as "Exhibit A." Plaintiff did not respond to the NOI.

Accordingly, pursuant to the terms of the Loan Documents, Aspen G, LLC, through Waldman, commenced a foreclosure action on June 13, 2016, after complying with all statutory conditions precedent, in the Supreme Court of Bronx County, New York, under index number 32526/2016E (the "Foreclosure"). During the mandatory Foreclosure Settlement Conferences set by the Court, Waldman sent the Payoff (see, Compl. App. C) to Plaintiff's foreclosure counsel. The Payoff, attached hereto and incorporated herein as "Exhibit B," was required under the Rules

of the Foreclosure Settlement Part of the Bronx County Supreme Court and was dated August 1, 2016. The Payoff detailed in chart form the total amount due under the Loan Documents as of September 29, 2016.

## ARGUMENT

### I. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Federal Rule of Civil Procedure 12(b)(6) provides that this Court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In ruling on a Rule (12(b)(6) motion, the Court must accept the allegations in the Complaint as true and draw all reasonable inferences in favor of the Plaintiff. Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998). The Court may use all aspects of the Plaintiff's Complaint, including exhibits in determining whether a claim has been stated. Dangler v. New York City Off Track Betting Corp., 193 F. 3d 130, 138 (2d Cir. 1999). However, the Court is not required to give credence to conclusory statements or allegations unsupported by facts. Papasan v. Allain, 478 U.S. 265, 286 (1986). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege sufficient facts to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); DeHart v. US Bank, N.A., 811 F. Supp. 2d 1038, 1044 (D.N.J. 2011) ("a complaint must allege, in more than legal boilerplate, those facts about the conduct of each defendant giving rise to liability").

Plaintiff has pled alleged various violations of the FDCPA against Waldman which fall under two separate sets of facts. As such, each portion shall be addressed separately.

### A. Plaintiff has failed to state a claim regarding § 1692(g).

Plaintiff alleged that Waldman violated §1692(g) of the FDCPA when it sent the NOI. See, Compl. ¶ 51. Section 1692(g)(a) of FDCPA mandates certain disclosures by a debt collector within

five days of the initial communication, unless the information is contained in the initial communication, specifically,

> **"(1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."**

See also, 15 U.S.C. 1692(g)(e), stating that any notice sent to the borrower that does not relate to the collection of a debt and not required by the Internal Revenue Service shall not be considered an initial communication.

The standard for determining whether a violation of the FDCPA has occurred is the "least sophisticated consumer" standard. Clomon v. Jackson, 988 F.2d 1314, 1318-19 (2d Cir. 1993). While this standard is designed to protect "the gullible as well as the shrewd" consumer, courts apply the standard such that debt collectors are protected against liability for unreasonable misinterpretations. Id. at 1319. Even the least sophisticated consumer is presumed to have at least basic information about the world and "a willingness to read a collection notice with some care." Id. Therefore, the court must look only to see if the language disputed is unclear enough to confuse the least sophisticated consumer. Id.

The NOI was the initial communication with Plaintiff as contemplated by the FDCPA. The language required by §1692(g)(a)(1) is found on page 2 of the NOI in chart form, breaking down the debt by category. For the Court's convenience, the language is quoted in original format below.

4

The total amount to cure the default:

| Installment Payments | $53,395.00 |
|---|---|
| Unpaid Loan Charges | $12.21 |
| Accrued Late Charges | $800.00 |
| Attorney's Fees and Costs | $358.71 |
| | |
| **TOTAL TO REINSTATE** | **$54,565.92** |

The language required by §1692(g)(a)(2) is found in the first paragraph of the letter under the title. It is quoted in original format as:

Waldman, Sagginario & Associates, PLLC represents Aspen G, LLC, the owner and holder of the mortgage and note on the above-referenced property. FCI Lender Services, Inc. is the servicer of the mortgage and note on the above-referenced property. The originator of the subject loan was Mortgage Electronic Registration Systems, Inc. as nominee for First Franklin, a Division of Nat. City Bank of IN; the loan is now owned by Aspen G, LLC.

The language required by §1692(g)(a)(3-5) is found at the bottom of page 3 of the NOI, and is nearly an exact quote of the statutory language. The language is quoted below in original format.

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR**
UNLESS YOU NOTIFY THIS OFFICE WITHIN THIRTY DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN THIRTY DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT AND MAIL YOU A COPY OF SUCH VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN THIRTY DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR. "THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE."

Therefore, as the language required by §1692(g) is clearly stated on the NOI, and the least sophisticated consumer would find his rights clearly and unambiguously stated, Plaintiff's allegation that Waldman violated section 1692(g) borders on frivolous and should be dismissed with prejudice.

### B. Plaintiff has failed to state a claim regarding §§1692(e-f).

Plaintiff relies on allegedly inconsistent late charges between the several notices sent by Waldman and Aspen during the pendency of the foreclosure litigation to support his claim of alleged violations of §1692(e) and §1692(f) of the FDCPA. See, Compl. ¶30-47. Section 1692(e) of the FDCPA prohibits the use of "false, deceptive, or misleading representations" in the collection of a debt, including, but not limited to "the character, amount, or legal status" of a debt. Section 1692(f) is more general in nature, prohibiting "unfair or unconscionable means" in collecting the debt, including collecting any amount not authorized by the agreement creating the debt.

The standard for determining whether a violation of the FDCPA has occurred is the "least sophisticated consumer" standard. Clomon at 1318-19. While this standard is designed to protect "the gullible as well as the shrewd" consumer, courts apply the standard such that debt collectors are protected against liability for unreasonable misinterpretations. Id. at 1319. Even the least sophisticated consumer is presumed to have at least basic information about the world and "a willingness to read a collection notice with some care." Id.

While the FDCPA is a strict liability statute, Cacace v. Lucas, 775 F. Supp. 502, 505 (D. Conn 1990), the statute is not designed to punish debt collectors for "bona fide errors made notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." Id. Rather, to violate the FDCPA, the errors must be "false, deceptive, or misleading" (§1692(e)) or "unfair or unconscionable" (§1692(f)). Further, the same allegations of misconduct cannot to be used for liability under both §1692(e) and §1692(f). Suquilanda v. Cohen & Slamowitz, LLP, 2011 US Dist LEXIS 102727 at *27-28 (S.D.N.Y. Sep. 7, 2011), Tsenes v. Trans-Cont'l Credit and Collection Corp., 892 F. Supp. 461, 466 (E.D.N.Y. 1995).

6

Each of the terms used to the describe the level of conduct that will violate the FDCPA §1692(e) implies intent, or at minimum, reckless disregard for the truth.:

- Black's Law Dictionary ("Black's") defines a false statement as (1) an untrue statement **knowingly made** with the intent to mislead, (2) falsifying or concealing a material fact by **trick, scheme, or device**, (3) **making** a false, fictitious, or fraudulent representation or (4) **making or using a false document or writing**. (Emphasis added).
- A representation is defined as a presentation of fact **made to induce someone to act**. (Emphasis added).
- The term "deceptive" is the adjective form of the noun "deceit" which is defined by Black's as the act of **intentionally** giving a false impression. (Emphasis added).
- Black's defines "misleading" as delusive, or **calculated to be misunderstood**. (Emphasis added).

The terms used for §1692(f) are more broad, allowing the court to overlook intent, but only if the conduct rises to the level of "unconscionable" or "unfair." Black's defines "unconscionability" as extreme unfairness. Unfair is the opposite of "fair" which Black's defines as "free of bias or prejudice," or "just, equitable, or disinterested."

It should be noted that as a law firm, Waldman does not calculate any amounts due. Rather, those amounts are calculated by the servicer of the loan and provided, broken down by type, to Waldman. Waldman does not collect payments on any case it handles, and the Payoff contains no implications that Waldman calculated the amounts due.

However, all allegations in Plaintiff's complaint must be taken as true at this stage. As such, Waldman does not dispute that amounts on the notices are different from each other. However, as shown on the face of the documents, with only a casual reading, the various notices are not

7

inconsistent with each other. Plaintiff has failed to make any allegations that the late charges were intentionally, recklessly, or even negligently miscalculated, giving rise to a violation of §1692(e). Waldman is aware that there is substantial case law, as discussed above, using the least sophisticated consumer standard to determine if a statement is misleading, however, the vast majority of that case law uses the term in the interpretation of the specific representations of fact, such as whether an attorney reviewed the documents, or whether certain language overshadowed or confused the writing requirement of §1692(g). The District of Connecticut, in Cacace, supra, held that a mistaken representation of the amount due was enough to prove a violation of §1692(e); however, this holding is not binding on the Southern District of New York, and given the definitions of the terms used in the statute, Cacace should not be followed here. There no case law in the Southern District of New York interpreting an allegation of accounting errors as misleading, using the least sophisticated consumer standard or otherwise.

Plaintiff's facts also fail to allege what is unconscionable or unfair about an error in the calculation of the late charges, thereby rising to the level of a violation of §1692(f), especially given that he has the opportunity under the FDCPA to request a full accounting, and thereby eliminate any errors that may have occurred.

Construing all allegations in the most favorable to him, Plaintiff has merely alleged a mistake in calculation of the total amounts due, which falls short of the use of "false or deceptive" information or "unconscionable means" to collect debts. A simple arithmetic error does not rise to the level of a violation of the FDCPA.

Furthermore, if there is a mistake in the calculation of late fees, which Waldman denies, Plaintiff had, and continues to have, the opportunity to dispute that amount, and have it corrected, in the Bronx County Supreme Court foreclosure action. There is no need to waste judicial

resources in litigating whether there was an isolated mistake in accounting in this court when litigation on similar issues, namely the amount of the debt owed, is ongoing in a current state court action. Therefore, this count should be dismissed with prejudice.

## II. THE REMAINDER OF PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

Rule 12(b)(1) of the Federal Rules of Civil Procedure allow this Court to dismiss a Complaint for lack of subject matter jurisdiction. Federal Courts are granted subject matter jurisdiction over cases that arise under a federal law, 28 U.S.C. §1331, under diversity of citizenship if the amount in controversy exceeds $75,000.00, 28 U.S.C. §1332, and if a particular statute grants the Court jurisdiction. In addition, if the Court has subject matter jurisdiction over at least one claim, a party may join as many other claims as he has against the Defendants, regardless of having independent jurisdiction. Fed. R. Civ. P. 18.

Plaintiff has alleged jurisdiction under §1331, under the FDCPA, 15 U.S.C. §1692(k), and under 28 U.S.C. §1337, or Commerce and Antitrust Regulations. However, Plaintiff's allegations with regard to violations of the FDCPA fail on the face of the complaint, as detailed at length above. Since Plaintiff has not alleged a cause of action under the FDCPA, or any facts at all relating the 28 U.S.C. §1337, the Court does not have original jurisdiction over any remaining allegations (such as late charges or other clerical errors) under 28 U.S.C. §1332. As the total amount of difference alleged is $37,562.00, the allegations do not meet the amount in controversy requirement of diversity jurisdiction. Therefore, the District Court may decline to exercise its continuing supplemental jurisdiction over said claims pursuant to 28 U.S.C. 1367(c)(3). Carlsbad Tech., Inc. v. HIF Bio, Inc. 556 U.S. 635 (2009). Because there is already ongoing litigation regarding the amount owed to Aspen G, LLC in the Bronx County Supreme Court foreclosure action, judicial economy dictates that these allegations are best suited to remain in the Bronx

9

County Supreme Court. Therefore, this Court should decline subject matter jurisdiction to hear the allegations of miscalculated late charges, and the Complaint should be dismissed in its entirety.

## CONCLUSION

This Court should dismiss Plaintiff's Complaint against Defendants with prejudice. The NOI, which was the initial communication under the FDCPA, contained all the language and notifications required under the FDCPA. Any error in calculation of late charges or amounts due does not rise to the level of false, misleading, or unconscionable debt collection practices. Since there is no merit to the claims under the FDCPA, and there is already ongoing litigation regarding the amounts due to Aspen G, LLC at the state court level, the Court should decline its discretional supplemental subject matter jurisdiction over the matter of late fees as there is no federal question and the amount in controversy is less than $75,000.00.

**Respectfully Submitted,**

/s/ *George Vergos*
George Vergos, Esq.
George Vergos, Attorney at Law
12121 Little Road, #259
Hudson, FL 34667
Telephone: (727) 777-7535
Email: GVergosLaw@gmail.com
kelly@dwaldmanlaw.com
Attorney for Defendant