```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
GREGORY HAYLES,                          :
                                         :
              Plaintiff,                 :
                                         :
    -against-                            :          No. 16 Civ. 8919 (JFK)
                                         :          OPINION & ORDER
ASPEN PROPERTIES GROUP, LLC and          :
WALDMAN, SAGGINARIO & ASSOCIATES,        :
PLLC,                                    :
                                         :
              Defendants.                :
---------------------------------------- X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/13/2018
```

APPEARANCES

FOR PLAINTIFF GREGORY HAYLES
    Abraham Kleinman
    KLEINMAN LLC
    Tiffany Nicole Hardy
    EDELMAN, COMBS, LATTURNER & GOODWIN, LLC

FOR DEFENDANTS ASPEN PROPERTIES GROUP, LLC and
WALDMAN, SAGGINARIO & ASSOCIATES, PLLC
    George Vergos
    WILLIAMS, RISTOFF, PROPER & BLOOM

**JOHN F. KEENAN, United States District Judge:**

    Plaintiff Gregory Hayles ("Hayles") brings a motion for leave to file an amended complaint following the Court's August 21 Order dismissing his original complaint. (See Opinion & Order, ECF No. 42 (filed Aug. 21, 2017) [hereinafter "Op."].) For the reasons stated below, Hayles' motion is denied.

### I. Background

#### A. Factual Background

    The following facts and allegations are taken from the original complaint. Hayles resides in the Bronx, New York.

1

(Compl. ¶ 10, ECF No. 1 (filed Nov. 16, 2016).) Defendant Aspen Properties Group, LLC ("Aspen") is a Maryland limited liability company principally engaged in "the collection of defaulted consumer debts." (Id. ¶¶ 11-12.) Aspen is the managing member of Aspen G, LLC ("Aspen G"), which holds title to debts. (Id. ¶ 15.) Waldman, Sagginario & Associates, PLLC ("Waldman") is a New York limited liability company which "collect[s] debts incurred for personal, family, or household purposes[.]" (Id. ¶¶ 16-17.) Hayles alleges that both Aspen and Waldman are "debt collectors" under the Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. §§ 1692 to 1692p). (Id. ¶¶ 14, 18.)

In 2006, Hayles obtained a mortgage loan for $114,400. (Compl. App. A at 9, 15, ECF No. 1-1 (filed Nov. 16, 2016) [hereinafter "App. A"].) A related note and security agreement, which Hayles signed, contained clauses permitting acceleration of the entire loan balance upon default and allowing for a "late charge" of $16 for past-due monthly payments. (Compl. ¶ 23; App. A at 10, 15-16.) In 2015, the holder of the mortgage assigned it to Aspen G. (App. A at 51.)

On November 23, 2015, Waldman sent Hayles a letter (the "November 2015 Letter"), the first communication Hayles received from Waldman pertaining to the debt. (Compl. ¶ 25.) The letter explained that Hayles' loan was in default since Hayles had "failed to make the payment due for August 1, 2011 and all

2

subsequent payments thereafter." (App. A at 61.) Accordingly, the amount required to cure and reinstate the loan was $54,565.92, including $800 in "Accrued Late Charges." (Compl. ¶ 26; App. A at 63.) The letter also stated that Hayles' loan would be accelerated if not reinstated by December 28, 2015. (Compl. ¶ 24; App. A at 61.)

On June 13, 2016, Waldman sent Hayles another communication (the "June 13, 2016 Letter") stating that Aspen G had retained Waldman to initiate a foreclosure suit against Hayles and to collect on Hayles' mortgage loan debt. (Compl. ¶ 19; App. A at 69.) According to the letter, Hayles was indebted "for the unpaid principal amount of $110,590.30, in addition to interest, advances, including, but not limited to reasonable attorney's fees and costs." (App. A at 69.) The letter further informed Hayles that, pursuant to the FDCPA, he had thirty days to dispute the debt. (Id. at 69-70.)

On June 22, 2016, Aspen sent Hayles a letter (the "June 22, 2016 Letter") styled as a "2nd Mortgage Modification Offer," the first communication Hayles received from Aspen. (Compl. ¶¶ 30-32; Compl. App. B at 1, ECF No. 1-2 (filed Nov. 16, 2016) [hereinafter "App. B"].) The letter explained that Hayles' loan was "in default and [had] been referred to [an] attorney to proceed with foreclosure." (App. B. at 1.) It also provided that the "total amount due" was $72,830.96, "including all past

due fees and costs as of July 1, 2016." (Compl. ¶ 35; App. B at 1.) The letter purported to offer "an opportunity to enter into a Loan Modification with a reduced Good Faith Payment of $500[,]" and referred to an enclosed "Loan Modification Worksheet (LMW) summarizing the proposed terms[.]" (App. B at 1.) The letter twice stated: "[t]his is a one-time offer, and a great opportunity to get back on track and modify your loan." (Id. at 1-2.) The final page of the letter contained a sentence reading: "[t]his communication is from a Debt Collector and any information will be used for that purpose." (Id. at 3.)

Finally, on August 1, 2016, Waldman sent Hayles a letter (the "August 1, 2016 Letter") styled as a "Payoff Statement" as of September 29, 2016. (Compl. ¶ 38; Compl. App. C at 1, ECF No. 1-3 (filed Nov. 16, 2016).) The letter stated that Waldman represented Aspen G to whom Hayles owed a total of $181,986.36, including an unpaid principal balance of $110,590.30 and late fees of $1,324.32. (Id. at 1-2; Compl. ¶¶ 39-40.)

### B. Procedural History

On November 16, 2016, Hayles filed a complaint, claiming that the Defendants violated the FDCPA through their aforementioned communications with Hayles. (Compl. ¶¶ 48-63.)

On February 1, 2017, Defendants filed a motion to dismiss Hayles' complaint in its entirety pursuant to Federal Rule of

4

Civil Procedure 12(b)(6). On May 23, 2017, the Court heard oral argument on that motion.

On August 21, 2017, the Court granted Defendants' 12(b)(6) motion holding that Hayles had failed to state a claim, but allowed him until October 1, 2017 to move to amend his complaint so long as he "demonstrate[d] how he [would] cure the deficiencies in his claim and that justice requires granting leave to amend[.]" (Op. at 17.) On September 18, 2017, Hayles filed a letter with the Court which purportedly attached an amended complaint, but failed to comply with the Court's above-stated instructions. Accordingly, on January 22, 2018, the Court ordered this action closed, but gave the parties thirty days to move to reopen. The next day, Hayles moved to re-open this action. On January 24, 2018, the Court "[o]ut of an excess of caution, and to permit Hayles to advance his position" excused Hayles' failure to comply with the Court's past order and ordered the case reopened.

On February 6, 2018, Hayles filed the instant motion for leave to file an amended complaint, attaching his proposed amended complaint. (Pl.'s Mot. for Leave to File Am. Compl., ECF No. 47 (filed Feb. 6, 2018) [hereinafter "Pl.'s Mot."].)

## II. <u>Legal Standard</u>

Leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). "Nonetheless, the Court may

5

deny leave if the amendment (1) has been delayed unduly, (2) is sought for dilatory purposes or is made in bad faith, (3) the opposing party would be prejudiced, or (4) would be futile." Lee v. Regal Cruises, Ltd., 916 F. Supp. 300, 303 (S.D.N.Y. 1996) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002) (citing Dougherty v. North Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002)). "Thus, the standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss." IBEW Local Union No. 58 Pension Trust Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC, 783 F.3d 383, 389 (2d Cir. 2015).

Accordingly, in evaluating Hayles' motion to amend, the Court will consider whether the proposed amended complaint cures the deficiencies the Court identified in its August 21 Order. In so doing, "the Court treats all factual allegations in the [amended complaint] as true and draws all reasonable inferences" in Hayles' favor. Kuriakose v. Fed. Home Loan Mortg. Corp., 897 F. Supp. 2d 168, 175 (S.D.N.Y. 2012). Should the amended complaint not contain sufficient factual matter to state a claim that is plausible on its face, the Court will deny leave to

amend as futile. Balintulo v. Ford Motor Co., 796 F.3d 160, 164–65 (2d Cir. 2015).

### III. Discussion

#### A. Count I: Waldman's Alleged Violation of § 1692g(a)

Section 1692g(a) requires that, within five days of an "initial communication with a consumer in connection with the collection of any debt," a debt collector must provide the consumer with certain information including a written notice of "the amount of the debt" and the procedure and timeline for disputing the validity of the debt. 15 U.S.C. § 1692g(a).

In his proposed amended complaint, Hayles states that Waldman violated § 1692g(a) in the November 2015 Letter by "not disclos[ing] the full amount of the debt that Waldman was attempting to collect[.]" (Am. Compl. ¶ 54.) In support of this assertion, the amended complaint states that when Waldman sent the letter, it was "retained to collect the entire loan, not just part of the debt." (Id. ¶ 23.) It further states that the November 2015 Letter's "total to reinstate" is not "the amount of debt," but only part of it. (Id. ¶ 24.) As the amended complaint does not explain (1) why the "total to reinstate" is not "the amount of debt," (2) why simply stating the "total to reinstate" violates § 1692g(a), or (3) the amount of debt at the of time the November 2015 Letter, the Court infers—as it did in its August 21 Opinion—that this contention depends on reading

7

the letter in conjunction with Waldman's subsequent communications with Hayles. (Op. at 9.)  In so reading, the Court held that any differences between the November 2015 Letter and the June 13, 2016 and August 1, 2016 Letters Waldman sent Hayles "do not demonstrate that the amount due in the November 2015 Letter is inaccurate" as "the loan was accelerated on or after December 28, 2015" leading to the entire balance being due, explaining the alleged inconsistencies. (<u>Id.</u> at 9-10.)  The Court now holds, for the same reasons, that such differences do not demonstrate that Waldman did not state "the amount of debt." Accordingly, the amended complaint fails to state a claim as to Count I and Hayles' motion for leave to file an amended complaint as to that claim is denied as futile.

**B. Count II: Waldman's Alleged Violation of §§ 1692e & 1692f**

In his amended complaint, Hayles alleges that Waldman's August 1, 2016 Letter (1) "does not accurately state the amount of the debt or the amount of late charges, in violation of 15 U.S.C. [§§] 1692e, 1692e(2) and 1692e(10)" and (2) "adds late charges which are not authorized by the contract and are contrary to law, in violation of 15 U.S.C. [§§] 1692f and 1692f(1)." (Am. Compl. ¶¶ 65-66.)  Hayles argues that the facts stated in the amended complaint's paragraphs 43 to 51 support these allegations. (Pl.'s Reply in Supp. of Mot. for Leave to File Am. Compl. at 6, ECF No. 52 (filed Mar. 15, 2018).)  Aside

from changing the letters of the exhibits and the deletion of paragraph 46, these paragraphs are identical to factual allegations made in the original complaint. (Compare Compl. ¶¶ 38-47, with Am. Compl. ¶¶ 43-51.)  Indeed, as Hayles indicates, the differences between the original and amended complaint on these claims are (1) explanations of why Defendants violated the cited provisions (which is nothing more than the addition of the above-quoted conclusory language in paragraphs 65 and 66) and (2) the division of the original complaint's Count I into Counts I and II. (Pl.'s Mot. ¶¶ 3-4.)  These amendments are insufficient to remedy the original deficiencies as they "merely recite[] the language of the statutory sections and provide[] no specific factual allegations supporting 'false, deceptive, or misleading' behavior under § 1692e or 'unfair or unconscionable' behavior under § 1692f." (Op. at 16.)  As such, the claims "lack 'factual plausibility' because they omit 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" (Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).)  Accordingly, the amended complaint fails to state a claim on Count II and Hayles' motion for leave to amend as to that claim is denied as futile.

### C. Count III: Aspen's Alleged Violation of § 1692g(a)

In his amended complaint, Hayles alleges that Aspen violated 15 U.S.C. § 1692g(a) in its June 22, 2016 Letter "both

by omitting the required 'notice of debt,' and by misstating the amount of the debt." (Am. Compl. ¶ 78.)

The Court's August 21 Opinion held that Hayles had failed to state a § 1692g(a) claim against Aspen as he had "not 'plausibly alleged' that a consumer receiving the June 22, 2016 Letter could 'reasonably interpret it as being sent in connection with the collection of [a] debt'" since it "contains clear language regarding a mortgage modification offer and lacks three of the four characteristics that the Second Circuit has identified as relevant to the inquiry." (See Op. at 11-14.) The amended complaint is virtually unchanged as to the June 22, 2016 Letter except for the addition of paragraph 42 which makes a legal argument as to why Hayles believes the Court's § 1692g(a) conclusion was incorrect. (Compare Compl. ¶¶ 30-47, with Am. Compl. ¶¶ 34-47.) Similarly, in his motion for leave to amend, Hayles "respectfully disagree[s] with the Court's [§ 1692g(a)] conclusion" and lays out why he believes the Court was incorrect so as "to state his claim in the best possible light for purposes of appeal." (Pl.'s Mot. ¶¶ 6-11.) While such an argument could be made in a motion to reconsider, that is not the motion before the court. Further, it is inappropriate to include a legal argument and briefing within a complaint. Anthes v. New York University, No. 17 Civ. 2511 (ALC), 2018 WL 1737540, at *19 (S.D.N.Y. Mar. 12, 2018) (quoting Gleis v. Buehler, No.

11 Civ. 663 (VLB), 2012 WL 1194987, at *5 (D. Conn. Apr. 10, 2012)) (both so holding in a motion to amend context). The Court thus finds that the amended complaint is unchanged from the complaint on this claim. Accordingly, it fails to cure the original complaint's deficiencies and, thus, Hayles' motion for leave to file an amended complaint as to this claim is denied as futile.

## Conclusion

For the reasons stated above, Plaintiff's motion for leave to file an amended complaint is DENIED and all claims are dismissed with prejudice.

The Clerk of Court is respectfully directed to terminate the motions docketed at ECF No. 47 and close this case.

**SO ORDERED.**

Dated:      New York, New York
            August 13, 2018

_____
John F. Keenan
United States District Judge