USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/28/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREGORY HAYLES,<br><br>        Plaintiff,<br><br>-against-<br><br>ASPEN PROPERTIES GROUP, LLC and WALDMAN, SAGGINARIO & ASSOCIATES, PLLC,<br><br>        Defendants. | 1:16-cv-08919-MKV<br><br>OPINION AND ORDER<br>GRANTING IN PART AND<br>DENYING IN PART<br>MOTION FOR<br>SUMMARY JUDGMENT |

MARY KAY VYSKOCIL, United States District Judge:

  Plaintiff Gregory Hayles ("Hayles") commenced a putative class action in November 2016 against Defendants Aspen Properties Group, LLC ("Aspen") and Waldman, Sagginario & Associates, PLLC ("Waldman") (collectively, "Defendants"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* Before the Court is Defendants' Motion for Summary Judgment. (Mot. Summ. J. [ECF Nos. 95–96].) For the reasons discussed below, the Motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

### A. Factual Background

  Defendants did not submit a statement of material facts with their Motion. The Court assumes the parties' familiarity with the underlying facts of this case, which have been stated in detail in prior decisions of the Court (Keenan, *J.*). (*See* Opinion & Order ("Second Opinion") [ECF No. 54]; Opinion & Order ("First Opinion") [ECF No. 42].) *See Hayles v. Aspen Props. Grp., LLC*, No. 16 Civ. 8919 (JFK), 2018 WL 3849817 (S.D.NY. Aug. 13, 2018); *Hayles v. Aspen Props. Grp., LLC*, No. 16 Civ. 8919 (JFK), 2017 WL 3602027 (S.D.N.Y. Aug. 21, 2017).

B. **Procedural Background**

On November 16, 2016, Hayles commenced this action against Aspen and its lawyers Waldman under the FDCPA. (Compl. [ECF No. 1].) The Complaint alleged two causes of action. Count I alleged that, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692f, 1692f(1), and 1692g, Waldman inaccurately calculated the amount of late charges and the amount of the debt in the Notice of Default, the Payoff Statement, or both, as sent to Hayles. (Compl. 5–6.) Count II alleged that the first letter Aspen had sent to Hayles omitted the required "notice of debt" and misstated the amount of the debt, in violation of 15 U.S.C. § 1692g. (Compl. 8–9.) Hayles sought to pursue both claims as a class action. (Compl. 5–10.)

On February 1, 2017, Aspen and Waldman moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Mot. Dismiss Compl. [ECF No. 31].) On August 21, 2017, the Court (Keenan, *J.*) dismissed both counts of the Complaint for failure to state a claim. (First Opinion.) *Hayles*, 2017 WL 3602027.

On February 6, 2018, Hayles filed a Motion for Leave To File an Amended Complaint. (Mot. Leave File Am. Compl. [ECF No. 47].) The proposed Amended Complaint alleged three causes of action. Count I alleged that the Notice of Default/Acceleration and Intent to Foreclose did not disclose the full amount of the debt that Waldman was attempting to collect, in violation of 15 U.S.C. § 1692g(a). (Mot. Leave File Am. Compl. Ex. A ("Am. Compl.") 6 [ECF. 47-1].) Count II alleged (1) that Waldman did not accurately state in the Payoff Statement the amount of the debt or the amount of the late charges, in violation of 15 U.S.C. § 1692e, 1692e(2), and 1692e(10), and (2) that Waldman included in the Payoff Statement late charges that were not authorized by the contract and were contrary to law, in violation of 15 U.S.C. § 1692f and 1692f(l). (Am. Compl. 8.) Count III alleged that the first letter Aspen had sent to Hayles omitted the required "notice of debt" and misstated the amount of the debt, in violation of 15 U.S.C.

§ 1692g(a).  (Am. Compl. 9–10.)  Hayles again sought to pursue the claims as a class action.  (Am. Compl. 7–11.)  On August 13, 2018, Judge Keenan denied Hayles's Motion as futile and dismissed all claims with prejudice.  (Second Opinion.)  *Hayles*, 2018 WL 3849817.

Hayles appealed from Judge Keenan's two decisions to the United States Court of Appeals for the Second Circuit.  On July 22, 2019, the Second Circuit issued a summary order finding that Hayles failed to state a claim against Aspen and Waldman under 15 U.S.C. § 1692g (Counts I and III of the Amended Complaint) but that Hayles alleged sufficient facts to survive a 12(b)(6) motion on his claims against Waldman under 15 U.S.C. §§ 1692e, 1692f (Count II of the Amended Complaint).  (Mandate USCA [ECF No. 67].)  *Hayles v. Aspen Props. Grp., LLC*, 782 F. App'x 3 (2d Cir. 2019) (summary order).  As to the claims against Waldman under Sections 1692e and 1692f, the Second Circuit found that it was plausible that "late fees" as stated in the Payoff Statement and "late charges" as stated in the Mortgage Note mean the same thing.  (Mandate USCA 4.)  Accordingly, the Second Court affirmed the judgment of this Court with respect to Counts I and III of the Amended Complaint against Aspen and Waldman and vacated and remanded with respect to Count II against Waldman.

On August 5, 2019, pursuant to Federal Rule of Appellate Procedure 39, Hayles submitted to the Second Circuit a Bill of Costs requesting taxation of costs against Waldman incurred in connection with the appeal.  *See* Appellant's Bill of Costs, *Hayles*, 782 F. App'x 3 (No. 18-2683), ECF No. 100-1.  That same day Hayles also filed a Petition for Rehearing.  *See* Appellant's Petition for a Panel Rehearing, *Hayles*, 782 F. App'x 3, ECF No. 99-1.  The Second Circuit denied Hayles's Petition for Rehearing on August 22, 2020, *see* Order, *Hayles*,782 F. App'x 3, ECF No. 106, and awarded Hayles costs in the amount of $1,305.85 on December 12, 2020, *see* Statement of Costs, *Hayles*, 782 F. App'x 3, ECF No. 112.

Although the Second Circuit affirmed dismissal of the only claim against Aspen, the parties and Judge Keenan, on remand, apparently proceeded as if Aspen remained a party to this case. The docket reflects at no time did Aspen raise with the Court the issue of its dismissal as a party to this action.

On September 4, 2019, after a status conference, Judge Keenan ordered "Defendants" to file a letter explaining why they felt discovery was unnecessary. (Order [ECF No. 68].) On September 19, 2019, Waldman filed a letter signed by Kelly Kalahar of Waldman with the designation "Attorneys for Defendant." (Letter [ECF No. 71].) That same date, Judge Keenan endorsed that letter and ordered that discovery proceed on the limited issues noted by the Second Circuit—the meaning and calculation of "late fees" in the Payoff Statement and whether the amount exceeded the "late charges" authorized in the Mortgage Note. (Memo Endorsement 2 [ECF No. 72].) The Order directed the "parties" to attend a status conference and "Defendants" to file an answer to the surviving claims of the Amended Complaint. (*Id.*) The docket entry for the letter endorsement provides due dates for answers by both Defendants. (*See* ECF No. 72.) Aspen and Waldman each filed an answer on October 3, 2019. (*See* Answer [ECF No. 73] (Aspen); Answer [ECF No. 74] (Waldman).)

**C. The Present Motion**

This case was reassigned to me on February 5, 2020. Days later, pursuant to a briefing schedule that had been ordered by Judge Keenan, Defendants filed their Motion for Summary Judgment with seven supporting exhibits. (*See* Mot. Summ. J. [ECF No. 96].) Defendants did not submit, in connection with this Motion, a Statement of Material Facts, as required under Local Rule 56.1(a). Defendants seek various forms of relief. First, Defendants asks the Court to dismiss this action with prejudice as to Aspen because there is no cause of action remaining against it. (Mem. Supp. Mot. Summ. J. ("Defs.' Br.") 4–5 [ECF No. 97].) Second, Defendants seeks

4

sanctions against Hayles and attorneys' fees and costs for Aspen on the grounds that "there was no legal basis for bringing the action against Aspen" and that Hayles "proceeded to prosecute this action" and "refus[ed] to dismiss Aspen" as a defendant after the decision of the Second Circuit. (Defs.' Br. 5–8.)  Third, Defendants argues that Waldman is not liable for damages under the FDCPA because Hayles has failed to prove his case as a matter of law.  (Defs.' Br. 8–14.)  Finally, Defendants also seek sanctions against Hayles and attorneys' fees and costs for Waldman on the following grounds: "(1) continued prosecution of dismissed causes of action and ignoring court orders as to scope of discovery; (2) unprofessional and/or abusive tactics toward Waldman, its counsel, and its witnesses; and (3) generally wasting the time of all parties involved."  (Defs.' Br. 15–16.)

In his opposition brief, Haykes first argues that Defendants' Motion should be denied for failure to comply with Local Rule 56.1.  (Mem. Opp. Mot. Summ. J. ("Pl.'s Br.") 3–4 [ECF No. 98].)  With respect to Defendants' argument for Aspen's dismissal, Hayles responds that Aspen is not a party to this action and that Hayles has never treated Aspen as such. (Pl.'s Br. 17–18.)  Hayles also accuses Aspen of making material misrepresentations in its brief to persuade the Court to impose sanctions and award Aspen attorneys' fees and costs.  (Pl.'s Br. 19–21.)  With respect to the merits of the claims against Waldman, Hayles maintains that he has established an FDCPA violation.  (Pl.'s Br. 6–17.)  Finally, Hayles asserts that any award or attorneys' fees would be improper because he did not act in bad faith and his claims were aptly supported by caselaw. (Pl.'s Br. 21–25.)

## DISCUSSION

### A. Aspen Is Dismissed from and Is No Longer a Party to This Action

As a threshold matter, this case is dismissed as to Aspen; indeed, it has been since the Second Circuit issued its summary order on July 22, 2019.  (*See* Mandate USCA.)  *See Hayles*,

5

782 F. App'x 3. The Second Circuit affirmed Judge Keenan's decisions with respect to the dismissal of the claims against Aspen and Waldman under Section 1692g—Counts I and III of the Amended Complaint. (USCA Mandate.) *Hayles*, 782 F. App'x 3. Count III was the only claim that was asserted against Aspen. The Second Circuit vacated Judge Keenan's decisions only with respect to the claims against Waldman under Sections 1692e and 1692f—Count II of the Amended Complaint. (USCA Mandate.) *Hayles*, 782 F. App'x 3. Thus, there is no surviving cause of action against Aspen—and there never was. This case is therefore dismissed as to Aspen.

### B. Aspen Is Not Entitled to Sanctions or Attorneys' Fees and Costs

Defendants argues for sanctions against Hayles and attorneys' fees and costs for Aspen pursuant to Section 1692k(a)(3) of the FDCPA. Defendants' arguments stem from Hayles's decision to commence this action and Hayles's conduct after the case was remanded from the Second Circuit. Having carefully reviewed the record and the parties' submissions in connection with this Motion, the Court declines both to impose sanctions against Hayles or to award attorneys' fees and costs to Aspen.

Section 1692k(a)(3) of the FDCPA provides, "On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). "Bad faith is a subjective standard." *Abreu v. Receivable Collection Servs., LLC*, 18-CV-04103 (PKC) (LB), 2019 WL 1876722, at *3 (E.D.N.Y. Apr. 26, 2019) (citing *Pentagen Techs. Int'l Ltd. v. United States*, 172 F. Supp. 2d 464, 473–74 (S.D.N.Y. 2001)). Generally, a party must demonstrate bad faith with "specific factual findings." *Eisemann v. Greene*, 204 F.3d 393, 396–97 (2d Cir. 2000). "[B]ad faith may be inferred 'only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose

such as delay.'" *Enmom v. Prospect Capital Corp.*, 675 F.3d 138, 143 (2d Cir. 2012) (quoting *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999)).

Bad faith is a fact-intensive inquiry. *See, e.g.*, *Erickson Beamon Ltd. v. CMG Worldwide, Inc.*, No. 12 Civ. 5105(NRB), 2014 WL 3950897, at *4 (S.D.N.Y. Aug. 13, 2014) (quoting *Michelle Pommier Models, Inc. v. Men Women N.Y. Model Mgmt., Inc.*, No. 97 Civ. 6837(SAS), 1997 WL 724575, at *4 (S.D.N.Y. Nov. 18, 1997)). Without any evidence or even a 56.1 statement, Defendants wholly fail to carry their burden that there are no disputed issues of fact and they are entitled to judgment as a matter of law.

Defendants argues that "there was no legal basis for bringing the action against Aspen Properties as the Offer Letter was clearly an Offer of Settlement, as this Court determined in its' [sic] Order Granting Aspen Properties' Motion to Dismiss." (Defs.' Br. 6.) Indeed, Judge Keenan found that Hayles failed to state a claim that Aspen violated Section 1692g through the Offer Letter because a consumer would not reasonably interpret it as being sent in connection with collection of a debt due to the "clear language regarding a mortgage modification offer." (First Opinion.) *Hayles*, 2017 WL 3602027, at *5. But a party's failure to state a claim upon which relief may be granted does not equate to bad faith in bringing the lawsuit. *See Mahoney v. Yamaha Motor Corp. U.S.A.*, 290 F.R.D. 363, 370 (E.D.N.Y. 2013) (declining to impose sanctions after noting that "this Circuit has explicitly held it improper to determine that a party acted in bad faith if that party filed a meritless claim" (citing *Eisemann*, 204 F.3d at 397)); *see also Rosado v. Enhanced Recovery Corp.*, 17-CV-5920 (VSB), 2019 WL 4686521, at *3, *5–6 (S.D.N.Y. Sept. 26, 2019) (declining to impose sanctions where plaintiff's FDCPA claims, which plaintiff voluntarily dismissed, "were weak" and "would have faced significant legal hurdles had she sought to continue litigating them").

Defendants claim that "there is overwhelming case law stating that offers of settlement are not attempts to collect a debt." (Defs.' Br. 6.) Defendants also claim that Hayles "proceeded to prosecute this action, including to the United States Court of Appeals for the Second Circuit, completely disregarding binding, relevant, and contrary case law." (Defs.' Br. 6.) Yet Aspen fails to cite a single case in support of these claims. In fact, there is a large body of case law that supports the proposition that a communication offering a settlement is subject to the FDCPA. *See Heintz v. Jenkins*, 514 U.S. 291, 295–99 (1995) (declining to recognize an "implied exemption [in the FDCPA] for those debt-collecting activities of lawyers that consist of litigating (including . . . settlement efforts)"); *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 425 (3d Cir. 2018) (finding that "a collection letter sent to collect a time-barred debt that makes a 'settlement offer' to accept payment 'in settlement of' the debt could violate the [FDCPA]"); *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 395 (6th Cir. 2015) (finding a settlement offer that falsely implied ability to enforce the debt in court actionable under the FDCPA); *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 385 (7th Cir. 2010) ("[A] communication made specifically to induce the debtor to settle her debt will be sufficient to trigger the protections of the FDCPA."); *Goswami v. Am. Collection Enter., Inc.*, 377 F.3d 488, 496 (5th Cir. 2004) ("While we agree that it is important to permit collection agencies to offer settlements, that policy consideration does not remove collection agencies' obligation under the FDCPA to deal in a nondeceitful manner."). Moreover, at least one court in this circuit cited and explicitly disagreed with Judge Keenan's 2017 decision. *See Carbone v. Gross Polowy LLC*, 17-cv-4564 (SJF) (SIL), 2019 WL 1114899, at *1, *5 (E.D.N.Y. Mar. 11, 2019) (citing *Hayles* yet finding FDCPA claim actionable where defendant sent a letter with a "stipulation-to-modification offer" to provide an alternative to a foreclosure action). Given this overwhelming body of caselaw, the Court cannot conclude that Hayles's claim against Aspen, albeit unsuccessful, was "so completely without merit" such that the Court may

8

infer bad faith from Hayles's filing of this action.  *Enmom*, 675 F.3d at 143 (quoting *Schlaifer Nance & Co.*, 194 F.3d at 336); *see, e.g.*, *Eisemann*, 204 F.3d at 397 (overturning imposition of sanctions where district court's "conclusory determination that [the] motion was filed in bad faith rested almost entirely on its lack of merit").

Second, Defendants also argue that "the entire purpose of this lawsuit is to force Aspen to pressure its subsidiary, . . . the owner of Plaintiff's defaulted loan, into offering a more favorable settlement in the underlying foreclosure action." (Defs.' Br. 6.)  Aspen grounds this argument in Hayles's decision "to use Aspen's rather generous Offer of Settlement" as evidence of an FDCPA violation.  (Defs.' Br. 6.)  Such a conclusory assertion does not support a finding, as a matter of law, of—let alone suggest—bad faith.  *See Jackson v. POM Recoveries, Inc.*, 17-CV-6118 (AMD)(AKT), 2020 WL 4926259, at *7 (E.D.N.Y. Aug. 21, 2020) (denying attorneys' fees and costs under Section 1692k(a)(3) because the defendant offered only "conclusory assertions that the plaintiff instigated th[e] action to harass the defendant [and] the defendant d[id] not cite specific evidence that the plaintiff acted in bad faith"); *see also Great Lakes Reinsurance (UK) PLC v. v. Fortelni*, 951 F. Supp. 2d 385, 390 (E.D.N.Y. 2013) ("[A]llegations of bad faith must be dismissed when they are 'completely conclusory and are not plausible.'" (quoting *Markel Am. Ins. Co. v. Linhart*, No. 11–CV–5094, 2012 WL 2930207, at *2 (E.D.N.Y July 11, 2012))); *Martin v. Am. Equity Ins. Co.*, 185 F. Supp. 2d 162, 165 (D. Conn. 2002) ("[P]laintiff's conclusory allegations provide no basis for this Court to reasonably infer bad faith.").  Accordingly, the Court concludes that this action was not brought in bad faith or for the purpose of harassment.

Finally, Defendants blame Hayles for the Court's failure to dismiss Aspen from the case upon remand from the Second Circuit.  Defendants contend that when the Court neglected to dismiss Aspen from the case, Hayles "had a duty to dismiss Aspen Properties as a defendant to avoid confusion with the court" and that Hayles "continues to refuse to do anything to correct this

misunderstanding with the Court." (Defs.' Br. 7.) Defendants cite no caselaw in support of this novel theory imposing such a burden on an opposing party. In addition, Aspen seeks to establish bad faith in Haylesʼs refusal to sign a notice of dismissal. (Defs.' Br. 6–7.) In response to Aspen's request, Haylesʼs counsel stated:

> With respect to Aspen, it has been dropped from this case by nature of the 2d Circuit's decision. Plaintiff's acknowledgement that Aspen is not [sic] longer part of this case is documented in my petition for rehearing. Plaintiff has not directed discovery (written or oral) to Aspen. Even Plaintiff's settlement demand refers to Defendant in the singular. My position is that nothing further concerning Aspen is required.

(Mem. Supp. Mot. Summ. J. Ex. I [ECF No. 105-9].) This response, while not cooperative in trying to remedy the obvious confusion in the Court's docket, was not unreasonable, and certainly not evidence of bad faith. In any event, the refusal to sign a notice of dismissal is conduct by Haylesʼs counsel, not Hayles, and is therefore outside the scope of Section 1692k(a)(3). *See Alcivar v. Enhanced Recovery Co.*, 17-CV-2275 (ILG), 2020 WL 2559845, at *3 & n.10 (E.D.N.Y. May 20, 2020) (collecting cases); *Eisner v. Enhanced Recovery Co., LLC*, 407 F. Supp. 3d 132, 138 (E.D.N.Y. 2019) (noting that "§ 1692k(a)(3) runs only against a party, not his counsel" and "requires proof of the plaintiff's bad faith, not just his counsel's"); *Abreu*, 2019 WL 1876722, at *3 (declining to impose sanctions and finding no bad faith on behalf of plaintiff because there was "no evidence that Plaintiff directed the actions of her representative").

The record is clear that Aspen's continued participation in this litigation results from Aspen's neglect to raise the issue to the Court. Not once did Aspen file a letter on ECF bringing this misunderstanding to the Court's attention, as the Local Rules and Judge Keenan's Individual Rules of Practice permit. *See* S.D.N.Y. Local R. 5.2(b) (providing for letters addressed to the Court to be filed via ECF); Practices of Judge John F. Keenan 1.A. (permitting communication with chambers by letter). "Based on Aspen's motion, Aspen's counsel was aware of the

10

precedential effect of the Second Circuit Summary Order dismissing all claims against Aspen, but unilaterally decided to incur 'substantial attorney's fees and costs' performing unnecessary work on behalf of Aspen without addressing these concerns with the Court."  (Pl.'s Br. 21.)  Having neglected to raise the issue, Aspen cannot now claim that Hayles should bear costs it incurred in filing its Answer, during discovery, and in connection with this Motion.  Accordingly, the Court denies the Motion insofar as it seeks sanctions against Hayles and an award of attorneys' fees and costs that Aspen incurred in this case.

### C. The Motion as It Pertains to Waldman's Liability Under the FDCPA Is Denied for Failure To Comply with Local Rule 56.1(a)

#### 1. Summary Judgment Standard

"Summary judgment is appropriate only when, 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  *Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 69 (2d Cir. 2015) (quoting Fed. R. Civ. P. 56(a)).  A fact is material if it "might affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A material factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*

The moving party bears the initial burden of demonstrating that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  It may satisfy this burden "in either of two ways: (1) by submitting evidence that negates an essential element of the non-moving party's claim, or (2) by demonstrating that the non-moving party's evidence is insufficient to establish an essential element of the non-moving party's claim."  *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 114 (2d Cir. 2017) (citation omitted).  If the moving party satisfies its burden, "the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact."  *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358

(2d Cir. 2011) (citing *Anderson*, 477 U.S. at 249).  The opposing party "'must do more than simply show that there is some metaphysical doubt as to the material facts' and 'may not rely on conclusory allegations or unsubstantiated speculation.'"  *Id.* (first quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); then quoting *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010)).  Nevertheless, "if there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party that supports a finding that a material factual dispute exists, summary judgment is improper."  *United Rentals (N. Am.), Inc. v. Conti Enters., Inc.*, 293 F. Supp. 3d 447, 451 (S.D.N.Y. 2018) (citing *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir. 1996)).

### 2. **Local Rule 56.1(a)**

"It is incumbent on all parties to the suit to comply with the Court's rules."  *Porco v. Phx. Bldg. Corp.*, 18 cv 5938 (NSR), 2019 WL 2210659, at *3 (S.D.N.Y. May 21, 2019).  Local Civil Rule 56.1(a) provides:

> Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried.  Failure to submit such a statement may constitute grounds for denial of the motion.

S.D.N.Y. Local R. 56.1(a).  As the Second Circuit has explained, "The requirement is strict; failure to submit a Rule 56.1 statement with a motion for summary judgment may result in the motion's denial."  *T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 417 (2d Cir. 2009).

"A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules."  *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001) (citing *Wight v. BankAmerica Corp.*, 219 F.3d 79, 85 (2d Cir. 2000); and *Somlyo v. J. Lu–Rob Enters.*, 932 F.2d 1043, 1048 (2d Cir.1991)).  While a district court may "opt to conduct an

12

assiduous review of the record . . . where one of the parties has failed to file [a Local Rule 56.1] statement," it is not required to do so. *Id.* (internal quotation marks omitted) (collecting cases). Indeed, it is especially appropriate to deny summary judgment where a *defendant-movant* fails to file a 56.1 statement because

> a party moving for summary judgment on claims for which the non-moving party would bear the burden of persuasion at trial must either (1) identify parts of the record showing the absence of a material factual dispute or (2) point out that there is no evidence to support the non-moving party's claims.

*Shao v. City Univ. of N.Y.*, No. 12–cv–1566 (RJS), 2014 WL 5038389, at *5 (S.D.N.Y. Sept. 30, 2014) (citing *Golden Pac. Bancorp. v. F.D.I.C.*, 375 F.3d 196, 200 (2d Cir. 2004)); *see also Jackson v. Fed. Express*, 766 F.3d 189, 195 n.3 (2d Cir. 2014) (noting that a defendant-movant must submit "an evidentiary proffer sufficient to defeat a claim" before the court may grant summary judgment on that claim (citing *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 84 (2d Cir. 2004))).

### 3. Defendants' Failure To Comply With Local Rule 56.1(a) Warrants Denial of the Motion as It Pertains to Waldman's Liability

Defendants failed to submit a statement of material facts in connection with its Motion for Summary Judgment, as required under Local Rule 56.1(a). The Court denies the remaining parts of the Motion on this basis alone. *See LG Capital Funding, LLC v. 5Barz Int'l, Inc.*, 307 F. Supp. 3d 84, 100 (E.D.N.Y. 2018) (denying motion for summary judgment because movant failed to submit 56.1 statement (collecting cases)); *Thomas v. Hsiao*, No. 12-CV-1128(ILG)(SMG), 2012 WL 5897412, at *1 (E.D.N.Y. Nov. 21, 2012) (same); *MSF Holding Ltd. v. Fiduciary Trust Co. Int'l*, 435 F. Supp. 2d 285, 304 (S.D.N.Y. 2006) (same).

Moreover, the Court finds no reason to conduct an independent review of the record and rule on the remaining parts of the Motion because the Court doubts the veracity of Defendants' submissions. As an initial matter, Defendants' opening brief contains few citations to the record.

assiduous review of the record . . . where one of the parties has failed to file [a Local Rule 56.1] statement," it is not required to do so. *Id.* (internal quotation marks omitted) (collecting cases). Indeed, it is especially appropriate to deny summary judgment where a *defendant-movant* fails to file a 56.1 statement because

> a party moving for summary judgment on claims for which the non-moving party would bear the burden of persuasion at trial must either (1) identify parts of the record showing the absence of a material factual dispute or (2) point out that there is no evidence to support the non-moving party's claims.

*Shao v. City Univ. of N.Y.*, No. 12–cv–1566 (RJS), 2014 WL 5038389, at *5 (S.D.N.Y. Sept. 30, 2014) (citing *Golden Pac. Bancorp. v. F.D.I.C.*, 375 F.3d 196, 200 (2d Cir. 2004)); *see also Jackson v. Fed. Express*, 766 F.3d 189, 195 n.3 (2d Cir. 2014) (noting that a defendant-movant must submit "an evidentiary proffer sufficient to defeat a claim" before the court may grant summary judgment on that claim (citing *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 84 (2d Cir. 2004))).

### 3. Defendants' Failure To Comply With Local Rule 56.1(a) Warrants Denial of the Motion as It Pertains to Waldman's Liability

Defendants failed to submit a statement of material facts in connection with its Motion for Summary Judgment, as required under Local Rule 56.1(a). The Court denies the remaining parts of the Motion on this basis alone. *See LG Capital Funding, LLC v. 5Barz Int'l, Inc.*, 307 F. Supp. 3d 84, 100 (E.D.N.Y. 2018) (denying motion for summary judgment because movant failed to submit 56.1 statement (collecting cases)); *Thomas v. Hsiao*, No. 12-CV-1128(ILG)(SMG), 2012 WL 5897412, at *1 (E.D.N.Y. Nov. 21, 2012) (same); *MSF Holding Ltd. v. Fiduciary Trust Co. Int'l*, 435 F. Supp. 2d 285, 304 (S.D.N.Y. 2006) (same).

Moreover, the Court finds no reason to conduct an independent review of the record and rule on the remaining parts of the Motion because the Court doubts the veracity of Defendants' submissions. As an initial matter, Defendants' opening brief contains few citations to the record.

(*See generally* Defs.' Br.)  In addition, their opening brief relies on and describes in detail deposition testimony without citation.  (*See generally* Defs.' Br.)  It seems references to deposition testimony were recounted from memory because Defendants' reply brief states that Defendants had not even received a copy of the deposition transcript at the time Defendants filed their opening brief.  (*See* Mem. Supp. Mot. Summ. J. 8 [ECF No. 105].)

Furthermore, in an attempt to persuade the Court to impose sanctions and award attorneys' fees and costs, Defendants affirmatively suggest that the refusal of Hayles's counsel to sign a notice of dismissal caused Aspen to incur additional fees and costs through the filing of Aspen's Answer.  Specifically, Defendants' opening brief states:

> Accordingly, this Court ordered Defendants Waldman and Aspen Properties to file an Answer to Plaintiff's Amended Complaint.  Defendant Aspen Properties, in an attempt to avoid further fees and costs, reached out to Plaintiff to secure a voluntary dismissal as to Aspen Properties only due to the dismissal of the only count against it by both this Court and the Second Circuit.  Plaintiff refused to dismiss the action as to Aspen Properties.  Therefore, both Aspen Properties and Waldman filed Answers with Affirmative Defenses as ordered by this Court.

(Defs.' Br. 3.)  But the record evidence submitted by Hayles in connection with this Motion and the public docket in this case reveal that this is not what happened.  Hayles submitted as an exhibit to his opposition brief a copy of the e-mail correspondence in which Defendants' counsel requested that Hayles's counsel sign a notice of dismissal.  (Mem. Opp. Mot. Summ. J. Ex. J [ECF No. 103-2].)  This e-mail correspondence establishes that Defendants' counsel did not reach out to Hayles's counsel until one month *after* Aspen had filed its Answer.  (*Compare id.* (dated November 4, 2019), *with* Answer [ECF No. 73] (dated October 3, 2019).)

Finally, in a further attempt to persuade the Court to impose sanctions and award attorneys' fees and costs, Defendants claim that Aspen "has had costs taxed against it despite Aspen Properties' success at the Second Circuit."  (Defs.' Br. 7.)  But Hayles did not request that costs

14

be taxed against Aspen.  *See* Appellant's Bill of Costs at 2, *Hayles*, 782 F. App'x 3, ECF No. 100-1 (emphasis added) ("Plaintiff Hayles respectfully request taxation of costs *against Defendant Waldman, Sagginario & Associates, PLLC* in the amount of $1,305.85, inclusive of the Docketing Fee.").  The Second Circuit's Statement of Costs provides simply, "IT IS HEREBY ORDERED that costs are taxed in the amount of $1305.85 in favor of the Appellant."  Statement of Costs, *Hayles*, 782 F. App'x 3, ECF No. 112.  It is true that the docket entry for this Court containing the Second Circuit's Statement of Costs provides that costs were awarded in favor of Hayles and against Aspen and Waldman.  (*See* Costs Taxed [ECF No. 92].)  But there is no indication in the record that *Aspen* has paid or will pay any such costs, nor was it obligated to do so.  As Hayles notes, he "did not seek taxation of costs against Defendant Aspen."  (Pl.'s Br. 20.)  And given that Hayles requested that costs be taxed only against Waldman, that Hayles was only successful on appeal in its claims against Waldman, and that Aspen prevailed on appeal on the one claim brought against it, there is no reason Aspen would or should pay any of Hayles's costs incurred on appeal.  Given these defects in Defendants' moving papers and the concerns the Court has over the veracity of Defendants' submissions, the Court declines to excuse Defendants' failure to submit a Rule 56.1 statement and rule on the remaining parts of this Motion.  Accordingly, Defendants' Motion for Summary Judgment is denied with respect to all remaining arguments not addressed above.

## **CONCLUSION**

Based on the foregoing, the Court GRANTS summary judgment insofar as Aspen seeks dismissal from this action.  The Clerk of Court is respectfully requested to close this case as against Defendant Aspen Properties Group, LLC.  In addition, the Court DENIES summary judgment insofar as Aspen seeks attorneys' fees and costs from Hayles.  Finally, the Court DENIES summary judgment with respect to Count II of the Amended Complaint against Waldman.

The Clerk of Court is respectfully requested to close docket entries 95 and 96.

The parties shall appear for a pretrial conference on October 20, 2020, at 10:30 AM. The parties should be prepared to discuss the pretrial filings and logistics, including scheduling. The parties should consult the Court's Individual Practice Rules and ensure compliance therewith.

**SO ORDERED.**

*[Signature: Mary Kay Vyskocil]*

**Date: September 28, 2020**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**